CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 28 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | Civil Action No. 5:08cv00093 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | |
| WILLIAM J. PAINTER and BELINDA | ) | |
| D. PAINTER, | ) | By: Samuel G. Wilson |
|     Defendants. | ) | United States District Judge |

This is a civil action brought by the United States against William and Belinda Painter to collect on an agricultural operating loan that was made pursuant to 7 U.S.C. § 1921 (2006). The United States has moved for summary judgment, and the Painters have failed to respond in accordance with the March 5, 2009, scheduling order of the court. Because there are no genuine issues of material fact, and the United States is entitled to judgment as a matter of law, and because the Painters have failed to oppose the motion, the court grants summary judgment to the United States.

**I.**

In April 2004, the Painters took out a $50,000 loan pursuant to the Consolidated Farm & Rural Development Act secured by their silage, with repayment due in full one year from the date of issuance. (See Promissory Note.) The Painters failed to pay the majority of the loan by the time it came due. In April 2005, David M. Berry, a case worker for the Farm Service Agency (FSA), contacted the Painters in an attempt to work out a repayment plan to satisfy the debt. In July of that year, with their permission, Berry began the process of liquidating the silage collateral to pay off part of the loan. Mr. Painter signed a voluntary liquidation agreement, and

also orally required that the silage be sold for no less than $20.00 per ton. Berry directly contacted approximately a dozen local farmers, and advertised the sale in a newsletter distributed to about 1,500 people. By September, 2005, one person had expressed interest in purchasing the silage, but he was only interested in it for less than $20.00 per ton. Berry transmitted this information and the potential buyer's contact information to the Painters because he was unable to obtain the goal price for the silage. The Painters never contacted the individual, and by December 2005, they had ceased communicating with Berry as well.

With the loan still unpaid, in October 2008, the United States brought this suit with supporting affidavits seeking the remaining principle of the loan, $47,227.53, plus interest through April 25, 2008, for a total of $50,735.95. (See Exhibit 6.) On September 4, 2009, the United States moved for summary judgment for that amount, plus interest and costs. The Painters have failed to respond to that motion.

## II.

The United States has moved for summary judgment on the ground that there are no genuine issues as to any material fact, and that they are entitled to judgment as a matter of law.[1] The Painters have failed to oppose the motion, and pursuant to this court's order of March 5,

---

[1] Summary judgment is granted only "if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). Facts are viewed in the light most favorable to the non-moving party. See Lee v. York County Sch. Div., 484 F.3d 687, 693 (4th Cir. 2007). To withstand a summary judgment motion, the non-moving party must offer evidence from which a fair-minded jury could return a verdict for the party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
2

2009, the allegations of the United States are therefore deemed admitted. Furthermore, under Rule 56(e),

> [w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. *If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.*

Fed. R. Civ. Pro. 56(e) (emphasis added). See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986). The Painters have not responded or pointed to any specific facts that show a genuine issue for trial. They are not entitled to rely on their initial pleading to establish material facts, and in any case, by not opposing the motion, they have manifested their assent to the factual allegations. After reviewing the record and affidavits, the court has determined that the exhibits and evidence support the United States' claim. Therefore, viewing the alleged facts in the light most favorable to the Painters, summary judgment is proper for the United States in the full amount of the outstanding debt, plus interest and costs.

### III.

For the foregoing reasons, the motion is **GRANTED**, and judgment will be entered for the United States in the amount of $50,735.95, plus interest at the rate of 3.625% from April 25, 2008, to the date of this judgment, plus costs.

Enter this 28th day of September, 2009.

_____
UNITED STATES DISTRICT JUDGE